Filed 4/30/14  P. v. Solomon CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GORDON BARRINGTON SOLOMON,<br><br>      Defendant and Appellant. | 2d Crim. No. B252760<br>(Super. Ct. No. YA084788)<br>(Los Angeles County) |

Gordon Solomon appeals from the judgment entered after the trial court denied a motion to withdraw appellant's no contest plea to three counts of lewd act upon a child (Counts 1, 2, & 4); Pen. Code, § 288, subd. (a); oral copulation of a person under the age of 14 (count 3; § 288a, subd. (c)(1)), continuous sexual abuse (count 5; § 288.5, subd. (a), four counts of lewd act upon a child (counts 6-9; § 288, subd. (c)(1)), three counts of sodomy of a person under the age of 16 (counts 10-12; § 286, subd. (b)(2)), and dissuading a witness from reporting a crime (count 13; § 136.1, subd. (b)(1).)   On counts 1, 2, 4, and 5, appellant admitted that he had substantial sexual contact with a victim under the age of 14 (§ 1203.066, subd. (a)(8)).

Before the change of plea was entered, appellant rejected the prosecution's offer of 19 years four months state prison.  Appellant was advised that the maximum sentence was 35 years eight months and, against the advice of trial counsel, made an open plea so that he would receive a full sentencing hearing to determine his sentence.

At the May 31, 2013 sentencing hearing, the prosecutor argued for a 29 year four month sentence and appellant's trial counsel argued for a low-term minimum sentence. The trial court sentenced appellant to 29 years four months state prison and ordered appellant to pay a $280 restitution fine (§ 1202.4, subd. (b)), a $280 parole revocation fine (§ 1202.45), a $300 sexual habitual offender fine (§ 290.3.), a $250 court security fee (§ 1465.8), and a $390 conviction assessment (Gov. Code, § 70373).

On July 30, 2013, appellant retained new counsel and filed a motion to withdraw the plea on the ground that prior counsel was constitutionally ineffective. After the trial judge (Judge Eric Taylor) recused himself, the motion to withdraw the plea was heard by Judge Mark Arnold. The trial court conducted a lengthy evidentiary hearing and denied the motion on the ground that appellant was not prejudiced by trial counsel's errors within the meaning of *Strickland v. Washington* (1984) 466 U.S. 688 [80 L.Ed.2d 674]. The trial court found that appellant knew that the maximum possible sentence was 35 years eight months; that appellant rejected an offer of 19 years four months and entered the change of plea against the advice of trial counsel; that the change of plea was freely, voluntarily and intelligently made and that, but for counsel's alleged errors, there is no reasonable probability that the result of the proceeding would have been more favorable.

Appellant filed a notice of appeal and a request for certificate of probable cause which was denied by the trial court. (§ 1237.5, subd. (a).) We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On March 24, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On April 21, 2014, appellant submitted a letter brief stating, among other things, that he was denied effective assistance of counsel because trial counsel was "confused" about the maximum possible sentence and told appellant that the open plea was "the best thing to do." These contentions are not supported by the record. (*Strickland v. Washington, supra,* 446 U.S. at p. 687 [89 L.Ed.2d at p. 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333.) Appellant failed to

2

establish a reasonable probability that, but for trial counsel's errors, appellant would not have pleaded guilty and would have obtained a more favorable result had he proceeded to trial. (See e.g., *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241-1242.) The change of plea was based on the probation report, police reports, and the preliminary hearing transcript which reflect that appellant, a church pastor, sexually assaulted the victim at church and at home, told two church board members about the sexual assaults, planned to mortgage the church to create a trust fund for a victim, threatened to flee to Belize, and sent email to one of the victims.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Eric C. Taylor, Judge

Superior Court County of Los Angeles

_____

Richard L.. Fitzer, under appointment by the Court of Appeal, for Appellant.

No appearance for Respondent.